UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATARAJ G. KASAL, ET AL.,  )<br>  )<br>  Plaintiffs,  )<br>  )<br>VS.  )<br>  )<br>ENCANA OIL & GAS (USA) INC.,  )<br>ET AL.,  )<br>  )<br>  Defendants.  ) | CIVIL ACTION NO.<br><br>3:12-CV-0810-G |

**MEMORANDUM OPINION AND ORDER**

This court is required to examine the basis for its subject matter jurisdiction, on its own motion if necessary.  *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997).  Diversity of citizenship is alleged as the basis for subject matter jurisdiction in this case.  Plaintiffs' Original Complaint ¶ 6.  The plaintiff Nataraj G. Kasal is alleged to be "a resident of Texas."  *Id*. ¶ 1.  The plaintiff SLMR 2006 Ltd. is alleged to be "a limited partnership organized under the laws of the State of Texas."  *Id*. ¶ 2.  The defendant Encana Oil & Gas (USA) Inc. is alleged to be "a Delaware-incorporated company headquartered in Denver, Colorado."  *Id*. ¶ 3.  The defendant Chesapeake Operating, Inc. is alleged to be "an Oklahoma corporation headquartered

in . . . Oklahoma." *Id*. ¶ 4. The defendant Chesapeake Exploration, L.L.C. is alleged to be "organized under Oklahoma law and . . . headquartered in . . . Oklahoma." *Id*. ¶ 5.

Diversity of citizenship jurisdiction requires that the citizenship of each plaintiff must be different from the citizenship of each defendant. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Generally, the citizenship of artificial entities other than corporations is determined by the citizenship of their members. See *Carden v. Arkoma Associates*, 494 U.S. 185 (1990). This rule applies to limited partnerships such as the plaintiff SMLR 2006 Ltd. and to limited liability companies such as the defendant Chesapeake Exploration L.L.C. *Harvey v. Grey Wolf Drilling Co.*, 542 F.2d 1077, 1079-80 (5th Cir. 2008).

The allegation of residence for the plaintiff Kasal is not sufficient as an allegation of his citizenship. *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) ("an allegation of residency does not satisfy the allegation of citizenship").

The citizenship of a corporation is determined by the state of its incorporation and "where it has its principal place of business." 28 U.S.C. § 1332(c)(1). This rule applies to the defendants Encana Oil & Gas (USA) Inc. and Chesapeake Operating, Inc.

From the plaintiffs' allegations, the court cannot tell whether there is diversity of citizenship or not.  Accordingly, within ten days of this date, the plaintiffs shall file and serve an amended complaint that:

    (1)    alleges the *citizenship* of the plaintiff Kasal;

    (2)    alleges the state of incorporation and the state where the *principal places of business* of the defendants Encana Oil & Gas (USA) Inc. and Chesapeake Operating, Inc. are located; and

    (3)    alleges the names and citizenship of each member of the plaintiff SLMR 2006 Ltd. and the defendant Chesapeake Exploration, L.L.C.

Failure to timely file and serve such an amended complaint will result in dismissal of this case without further notice.

**SO ORDERED**.

March 30, 2012.

*[signature: A. Joe Fish]*

A. JOE FISH
**Senior United States District Judge**